## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| MARGARET GALANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-00197-BCW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff Margaret Galant's brief seeking judicial review of a final

decision of Defendant Commissioner of Social Security (Doc. #11) and Commissioner's brief in

support of the Commissioner's decision (Doc. #14).

This matter involves the appeal of the Commissioner's final decision denying Galant's

application for a period of disability and disability insurance benefits under Title II of the Social

Security Act, 42 U.S.C. §§ 401, *et seq.* ("Act"). The Court may review the Commissioner's final

decision pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). The Court must determine

whether the Commissioner's finding that Galant was not disabled was "supported by substantial

evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation

omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as

adequate to support a conclusion. Id.

## BACKGROUND

Galant filed an application seeking a period of disability and disability insurance benefits

under Title II of the Act on December 19, 2006. Before her alleged onset date of disability,

Galant worked as a histologist/pathologist assistant. She appeared before an Administrative Law

Judge ("ALJ") on February 10, 2009. On March 13, 2009, the ALJ found Galant was not disabled under the Act.

The ALJ considered Galant's impairments using the required five-step sequential evaluation process. 20 C.F.R. § 404.1520. At step one, the ALJ found Galant had not engaged in substantial gainful activity since April 2, 2006, the alleged disability onset date. At step two, the ALJ found Galant had severe impairments involving asthma, a history of migraine headaches, and a generalized anxiety disorder with mild depression. At step three, the ALJ found that none of Galant's impairments equaled a listed impairment under 20 C.F.R. §§ 404.1525 and 404.1526.

Before reaching step four, the ALJ was required to determine Galant's residual functional capacity ("RFC"). Based on all of the evidence, the ALJ determined Galant had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except she should avoid exposure to extreme heat, extreme cold, and airborne irritants and she is restricted to unskilled work with no public contact and occasional contact with co-workers. The ALJ also examined the evidence and testimony offered at the hearing and found Galant's subjective complaints concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC assessment.

The ALJ then determined at step four that Galant is unable to perform any past relevant work. Finally, the ALJ proceeded to step five under the assumption that Galant could not perform any past relevant work and found, based upon Galant's age, education, work experience, and RFC, that jobs exist in significant numbers in the national economy that Galant could perform. Based on the testimony of a vocational expert utilizing this RFC, the ALJ found Galant was able to perform unskilled, light exertion work such as marker and machine operator prior to

Case 4:11-cv-00197-BCW   Document 18   Filed 09/11/12   Page 2 of 7

obtaining age fifty-five (55) and counter supply person, line room attendant and order filler which are unskilled, medium exertion jobs. Thus, the ALJ found Galant was not disabled as defined under the Act. The Appeals Council denied Galant's request for review on December 22, 2010, which made the ALJ's decision the Commissioner's final decision.

Galant argues the ALJ's decision was not supported by substantial evidence on the record as a whole because the ALJ erred in his credibility finding and determination of Galant's RFC, particularly due to the ALJ's reliance on Dr. Sullivan's opinion and on the vocational expert's testimony. Galant further argues the ALJ's decision should be remanded for further consideration of additional evidence.

## ANALYSIS

Following full briefing by the parties, the Court heard oral argument at a hearing on August 7, 2012. Galant appeared by counsel, and Commissioner appeared by counsel. Based upon the parties' arguments and a thorough and complete review of the entire administrative record, the Court reverses the Commissioner's final decision and remands this matter for further administrative consideration pursuant to sentence four (4) of 42 U.S.C. § 405(g).

The fourth step in an ALJ's sequential evaluation analysis requires him/her to determine the claimant's RFC, and the burden is on the claimant to establish his/her RFC. Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004) (citation omitted). The ALJ is responsible to formulate the claimant's RFC based upon all of the credible and relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own description of his/her limitations. Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (citation omitted).

It is well settled law in the Eighth Circuit:

> [O]nce a claimant demonstrates that he or she is unable to do past relevant work, the burden of proof shifts to the Commissioner to prove, first that the claimant retains the [RFC] to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do.

Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (citation omitted).

## I.   THE ALJ'S RELIANCE ON DR. SULLIVAN

Galant argues the ALJ erred in making the RFC determination by relying on Dr. Sullivan's opinion and cites to the Nevland case in support of her position.  In Nevland, the Eighth Circuit reversed an ALJ's decision because he relied on the opinions of non-treating, non-examining physicians who reviewed the reports of the treating physicians in determining the claimant's RFC.  Id. at 858.  Here, Dr. King saw and evaluated Galant.  Dr. Sullivan then relied upon Dr. King's conclusions without seeing and evaluating Galant, and the ALJ relied upon Dr. Sullivan's assessment in determining Galant's RFC.

In Eichelberger v. Barnhart, the Eighth Circuit articulated that Nevland addressed the evidence necessary to satisfy an ALJ's burden of proof at step five in the sequential evaluation analysis.  390 F.3d at 591.  Nevland does not prevent an ALJ from relying on a reviewing physician's report at step four, when the claimant has the burden to establish an inability to do past relevant work.  Id.  "It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment."  Casey v. Astrue, 503 F.3d 687, 697 (8th Cir. 2007) (citation omitted).

Unlike the claimants in Eichelberger and Casey but similar to the claimant in Nevland, the ALJ in this case concluded that Galant met her burden of establishing an inability to do past relevant work at step four.  Because the ALJ relied on reviewing physician, Dr. Sullivan's

assessment as evidence to satisfy his burden of proof at step five of the sequential analysis, Nevland is applicable to this matter and the ALJ erred in such reliance.

## II.     THE ALJ'S HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT

Galant further argues the ALJ erred in step five of the sequential analysis when he posed an imprecise hypothetical question to the vocational expert. In step five, the Commissioner was required to prove, first that Galant retains the RFC to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that Galant is able to perform. Nevland, 204 F.3d at 857. The basic purpose of testimony from a vocational expert is for the ALJ to determine whether jobs exist for someone with claimant's precise disabilities. Jelinek v. Bowen, 870 F.2d 457, 459 (8th Cir. 1989). "Ordinarily, the Commissioner can rely on the testimony of a [vocational expert] to satisfy its burden of showing that the claimant can perform other work." Robson v. Astrue, 526 F.3d 389, 392 (8th Cir. 2008) (citation omitted).

However, a vocational expert's opinion is relevant and substantial evidence only if the ALJ accurately characterizes "the concrete consequences of a claimant's deficiencies" in the hypothetical question. Id. (citation omitted); see also Howe v. Astrue, 499 F.3d 835, 842 (8th Cir. 2007). The hypothetical question does not need to be all encompassing, but it needs to include impairments that are supported by the record and that the ALJ accepts as valid. Howe, 499 F.3d at 842 (citation omitted). The Eighth Circuit "has repeatedly held that vocational testimony elicited by hypothetical questions that fail to relate with precision the physical and mental impairments of the claimant cannot constitute substantial evidence to support the Secretary's decision." Ness v. Sullivan, 904 F.2d 432, 436 (8th Cir. 1990) (internal quotation omitted); Jelinek, 870 F.2d at 461 (citation omitted).

Here, the Commissioner's decision was based, at least in part, on a hypothetical question posed to the vocational expert during Galant's hearing. There is no dispute that Galant experiences health problems involving asthma, migraine headaches, anxiety, and depression. What is not clear is the degree and the disabling nature of those problems. The hypothetical question posed by the ALJ to the vocational expert included all of Galant's limitations found to exist by the ALJ and set forth in the ALJ's description of Galant's RFC. However, in determining Galant's RFC, the ALJ stated Galant had not had much psychiatric treatment since 2006. This was a clear misstatement of fact that is not supported by the record. Additionally, the ALJ's RFC finding was based, at least in part, on Dr. Sullivan's assessment as discussed above. The ALJ rejected those limitations as evidence and, thus, omitted consideration of them in the hypothetical question.

More important is the fact that the vocational expert based her opinion on the ALJ's narrow hypothetical question. Because the ALJ omitted certain limitations, the hypothetical question did not accurately characterize the concrete consequences of Galant's deficiencies and the vocational expert's answer, therefore, does not constitute substantial evidence supporting the Commissioner's denial of benefits. The burden was on the Commissioner to establish other work exists in substantial numbers in the national economy that Galant is able to perform notwithstanding her limitations involving asthma, migraine headaches, anxiety, and depression. In view of the inadequacies of the vocational expert's testimony, the Court concludes there is insufficient evidence for the Commissioner to meet his burden.

### III. CONSIDERATION OF ADDITIONAL EVIDENCE

> Material new evidence considered by the Appeals Council will be viewed with the record as a whole, whereas new evidence not considered by the Appeals Council will be considered by the

reviewing court only upon a showing of materiality and good cause
for not incorporating it in the earlier proceedings.

Stephens v. Shalala, 50 F.3d 538, 541 (8th Cir. 1995). Here, the Appeals Council explicitly

stated it:

> [C]onsidered the fact that since the date of the Administrative Law
> Judge's decision, [Galant was] found to be under a disability
> beginning March 11, 2009, based on the application [Galant] filed
> on March 30, 2009; however, the Council found that this
> information does not warrant a change in the Administrative Law
> Judge's decision.

(Tr. 2). Thus, the additional evidence was considered by the Appeals Council and is viewed with

the record as a whole.

## CONCLUSION

The Court finds Commissioner's determination that Galant was not disabled was not

supported by substantial evidence on the record as a whole.

IT IS HEREBY ORDERED, pursuant to sentence four (4) of 42 U.S.C. § 405(g), this

matter is reversed and remanded to the Commissioner for further proceedings consistent with

this Order.

IT IS SO ORDERED.


DATE: September 11, 2012

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT
